UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiffs,                      CASE NO. 09-CV-12007

v.                                   DISTRICT JUDGE THOMAS LUDINGTON
                                      MAGISTRATE JUDGE CHARLES BINDER

WILLIAM BLI and
LYN BLI,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
(Doc. 20 )

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED**.


**II.    REPORT**

    **A.    Background**

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned magistrate judge for general pretrial case management on June 30, 2009. (Doc. 8.) The amended complaint avers that Plaintiff owns property commonly known as 440 E. Ridge Road, in Bay City, Michigan pursuant to a Sheriff's Deed on Mortgage Sale which is attached to the Amended Complaint. (Doc. 16 at 2.) Plaintiff further alleges that Defendants are in possession of the real property at issue in this case. (*Id.*) Plaintiff avers that on or about April 15, 2009 and June 26, 2009, Plaintiff made demands upon Defendants to vacate the property but that Defendants have refused to comply with either demand. (Doc. 16 at 2.) Plaintiff's Request for Clerk's Entry of Default indicates that although the amended complaint was filed and served upon the

Defendants on September 28, 2009, they have failed to answer, plead or otherwise defend this action. (Doc. 17 at 3.)  A Clerk's Entry of Default was filed on October 28, 2009, and was served upon the Defendants on October 30, 2009. (Doc. 18, 19.)  On November 10, 2009, Plaintiff filed the instant Motion for Default Judgment. (Doc. 20.)  To date, no response or other communication has been received from the Defendants.

### B. Default Judgment Standards

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a two-step procedure is required to obtain a default judgment.  First, under subsection (a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Once this step has been fulfilled, then a plaintiff may proceed to request entry of a default judgment under subsection (b) of Rule 55.  Entry of default judgment is not appropriate against: (1) minors or incompetent persons who are not represented; (2) some members of the armed services, or (3) officers or agencies of the United States. FED. R. CIV. P. 55(d).  "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs . . . ." FED. R. CIV. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

### C. Analysis and Conclusion

Plaintiff has passed through step one and has properly sought and received a Clerk's Entry of Default and served the same on Defendants. (Doc. 18, 19.)  Despite many opportunities to plead or otherwise defend the instant action, Defendants have failed to do so.  I note that Defendants did answer the original complaint on June 24, 2009, so service of process has been effective and they

are aware of the existence of this action. (Doc. 7.)  There is no evidence that Defendants are incompetent, members of the armed services, or officers of the United States.  In addition, Plaintiff has provided sufficient evidence of title in the real property at issue.  Therefore, I suggest the instant motion for default judgment  be granted.[1]

### III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

   s/ *Charles E Binder*
   CHARLES E. BINDER
Dated: November 16, 2009   United States Magistrate Judge

---

[1] I further note that Plaintiff has provided a proposed Judgment attached to its motion for default judgment for the court's convenience. (Doc. 20, Ex. A.)

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and on the following non-ECF participants via the United States Postal Service: William and Lyn Bli, 440 E. Ridge Road, Bay City, MI 48708.

Date:  November 16, 2009            By      s/Patricia T. Morris
                                    Law Clerk to Magistrate Judge Binder