UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                          Case Number 09-12007-BC
                                          Honorable Thomas L. Ludington

v.

WILLIAM BLI, LYN BLI,

       Defendants.
_____/

## ORDER DENYING DEFENDANTS' REQUEST FOR RECONSIDERATION AND STAY OF DEFAULT JUDGMENT

On May 26, 2009, the United States of America ("Plaintiff") filed a complaint against Defendants William and Lyn Bli ("Defendants"). [Dkt. # 1]. Plaintiff sought an order directing Defendants to vacate property in Bay City, Michigan, and declaring the parties' interests as to the property. On December 17, 2009, this Court entered a default judgment in favor of Plaintiff. Now before the Court is Defendants' request for "reconsideration" and "stay" [Dkt. # 25], filed December 28, 2009. Generally, Defendants assert they did not receive documents filed by Plaintiff or entered by the Court and that "reconsideration" of the default judgment is proper. Plaintiff filed a response in opposition [Dkt. # 26] on January 11, 2010. For the reasons stated below, Defendants' motion to "reconsider" the default judgment will be denied.

I

Defendants were personally served with Plaintiff's complaint and summons on June 4, 2009. [Dkt. # 5, 6]. Plaintiff served Defendants at 440 East Ridge Road, Bay City, Michigan, 48708. Defendants provided the same address in their answer. All subsequent documents mailed by

Plaintiff and the Court have been sent to that address.

On June 24, 2009, Defendants answered the complaint, denying Plaintiff's allegation that a demand to vacate the property had been served on Defendants. Answer ¶ 6; [Dkt. # 7]. Apparently in response to this denial, Plaintiff personally served another demand to vacate on Defendants on June 26, 2009, amended its complaint on September 28, 2009, and served the amended complaint on Defendants via regular mail. [Dkt. # 12]. While Defendants may dispute that they received these copies, the envelopes in which they were mailed were marked "refused" and returned to sender. Pl. Resp. Ex. A, B; [Dkt. # 26-3,4]. Additionally, the envelope addressed to Defendant William Bli appears to have been opened and resealed.[1] Pl. Resp. Ex. A; [Dkt. # 26-3]. Defendants did not answer Plaintiff's amended complaint.

On October 28, 2009, the clerk entered a default against Defendants and Plaintiff mailed a copy to Defendants on October 30, 2009. [Dkt. # 18]; *see* [Dkt. # 19]. Plaintiff filed a motion for default judgment on November 10, 2009. *See* [Dkt. # 20]. On November 16, 2009, Magistrate Judge Charles E. Binder issued a report and recommendation, recommending that Plaintiff's motion be granted, and noting that Defendants had not communicated with the Court in any way since filing an answer to Plaintiff's original complaint on June 24, 2009. The magistrate judge also noted that Defendants had indisputably received the original complaint at the address that had been continuously used for communications from Plaintiff and the Court. Moreover, based on the receipt of the original complaint, Defendants have been aware of the action since June 4, 2009. On December 10, 2009, the Court adopted Magistrate Judge Binder's report and recommendation; and

---

[1] Plaintiff asserts it was resealed with red electrical tape, but how it was resealed is not apparent from the photocopy attached to Plaintiff's response.

on December 17, 2009, the Court entered a default judgment in favor of Plaintiff.

Plaintiff sent Defendants copies of the judgment via both regular and certified mail on December 18, 2009. *See* [Dkt. # 24]; *see also* Pl. Resp. Ex. C; [Dkt. 26-5]. On December 18, 2009, the United States Postal Service attempted to deliver the certified mail, but it remained unclaimed until 4:02 p.m. on December 28, 2009. Pl. Resp. Ex. C; [Dkt. # 26-5]. The same day, Defendants filed the present motion to "reconsider" and "stay" the default judgment against them, asserting generally that they did not receive notices from the Court.

II

Although Defendants' motion refers to reconsideration of the default judgment, it is properly considered a motion to set aside the judgment. Federal Rule of Civil Procedure 55(c) provides that, for good cause, a court may set aside a default judgment in accordance with Federal Rule of Civil Procedure 60(b). Rule 60(b) provides six reasons for which a court may set aside a judgment, one of which is: "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Because of the strong policy consideration that cases should be decided on their merits, a court faced with a motion to set aside a default judgment should construe disputed or ambiguous facts in the light most favorable to the defendant." *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987).

A court must first determine whether good cause has been shown, before analyzing whether relief is appropriate under Rule 60(b). *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006). To determine whether good cause has been shown, a court considers three equitable factors: (1) whether the defendant's own culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced. *Id*. at 831 (quoting

*Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).  Here, Plaintiff disputes whether Defendants can demonstrate a lack of culpability and the existence of a meritorious defense.

First, the culpability element "is framed in terms of 'mistake, inadvertence, surprise, or excusable neglect." *Waifersong*, 976 F.2d at 292 (quoting Fed. R. Civ. Pro. 60(b)(1)).  Thus, a defendant must demonstrate that default was due to one or more of these excuses before the court can address whether a defendant has a meritorious defense and any prejudice to the plaintiff. *Williams*, 346 F.3d at 613; *see also Waifersong*, 976 F.2d at 292.  Courts apply the Rule 60(b)(1) excuses liberally and equitably so as to "achieve substantial justice." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003).  Where a defendant's conduct displays "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings," a court may properly find culpability.  *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190 (6th Cir. 1986).

Second, a defense is meritorious if there is "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."  *Williams*, 346 F.3d at 614.  If the defense is "good at law," it will be considered meritorious irrespective of the likelihood of success. *Id.* (quoting *United Coin Meter Co. v. Seabord Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)).

After Defendants submitted their first and only pleading in late June 2009, there is a marked absence of any diligence or good faith attempt to resolve the merits of this case.  Over six months, Defendants did not answer Plaintiff's amended complaint, did not respond to the Clerk's entry of default, and did not object or respond in any way to the magistrate judge's report and recommendation or the Court's adoption of the report and recommendation.

While Defendants have asserted that they first received notice of the default judgment when a neighbor handed Defendant Lyn Bli "letters from the court," they offer no explanation as to why the neighbor would have received the documents when they indisputably received Plaintiff's original complaint at the same address. Nor do Defendants explain the refusal of Plaintiff's amended complaint. In other words, Defendants have not submitted any proof of mistake, inadvertence, surprise, or excusable neglect. Moreover, although Defendants' motion represents that they are "seeking legal counsel," they have had since June 4, 2009, when they were first served with a complaint, to obtain legal counsel. Thus, the absence of legal representation does not provide a justification for setting aside the default judgment. Finally, Defendants have not met the meritorious defense requirement, having offered only denials to Plaintiff's complaint and no response to Plaintiff's amended complaint.

Accordingly, it is **ORDERED** that Defendants' request for "reconsideration" and "stay" [Dkt. # 25] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 2, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 2, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS

---